Filed 11/24/25  P. v. Brindley CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TAYLOR STEPHEN BRINDLEY,<br><br>        Defendant and Appellant. | A171871<br><br>(Marin County<br>Super. Ct. No. SC205040A) |

Taylor Stephen Brindley appeals a post-judgment order setting victim restitution under Penal Code[1] section 1202.4 in the amount of $42,146.67. His appellate counsel has filed a brief seeking our independent review of the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel informed Brindley of his right to file a supplemental brief on his own behalf, which he has not done.  Finding no arguable issues, we affirm.

### BACKGROUND

In June 2018, Jimmy Lee Hogges was killed when the truck he was driving was struck by Brindley's vehicle.  In March 2019, Brindley was sentenced to eight years in state prison after he pled guilty to vehicular manslaughter while intoxicated (§ 191.5, subd (a)) and driving with a blood alcohol level of .08 percent or more and causing injury (Veh. Code, § 23153,

---

[1] Undesignated statutory references are to the Penal Code.

subd. (b)) and admitted a great bodily injury sentence enhancement under section 12022.7, subd. (a)).  The plea form signed by Brindley acknowledges that the trial court is "required to order restitution to the victim(s)" and the court retained jurisdiction after sentencing to do so.

In May 2019, Hogges's two children settled a lawsuit against Brindley, signing a release of all claims against him in exchange for a $250,000 payment made by Brindley's insurance carrier.  The attorneys for Hogges's daughter retained $33,750 in contingent attorney fees from her share of the payment as well as other costs.

In November 2023, the probation department filed a request to set a restitution hearing.  The request indicated that Hogges's daughter was requesting restitution in the amount of $41,607.24, including $37,165.63 for the attorney fees and costs incurred in the litigation against Brindley, $4,100.00 for lost wages, and $341.61 for funeral travel expenses.[2]  In April 2024, the probation department submitted an additional restitution request on behalf of Hogges's brother in the amount of $5,403.23 for burial costs and travel expenses.

After counsel was appointed for Brindley, both he and the People filed points and authorities regarding restitution.  Brindley argued that the settlement and release satisfied his victim restitution obligation in this case because a payment by a defendant's own insurer must be offset against his restitution obligation.  The People argued that the settlement and release in the civil lawsuit did not affect the restitution owed by Brindley and that the claimant was entitled to the attorney fees she incurred in obtaining the civil

_____

[2] Although the record reflects that Hogges's son has a similar contingent fee agreement with the attorneys that represented him and his sister in the civil action, it does not appear that he submitted a request for restitution.

settlement. The parties also disagreed about whether Brindley was entitled to offset the settlement proceeds against the other requested expenses and whether claimants had received payments from the victim compensation fund for the funeral expenses. (See Gov. Code, § 13957, subd. (a)(8)(B) [authorizing payments from Restitution Fund of up to $12,818 for funerial and burial expenses incurred as a result of crime].)

After several hearings, the court issued an order finding that the record established "recoverable economic loss" in a total amount of $42,147.67, including the $33,750.00 for attorney fees, $3,006.45 for litigation expenses, and $341.61 for travel expenses requested by Hogges's daughter and the $5,049.61 for burial expenses requested by Hogges's brother.[3]

## DISCUSSION

The trial court did not abuse its discretion in awarding restitution. A civil settlement and release does not discharge a defendant from his constitutional obligation to pay restitution in a criminal case. (*People v. Nonaka* (2022) 83 Cal.App.5th 998, 1002; *People v. Grundfor* (2019) 39 Cal.App.5th 22, 28 (*Grundfor*) ["That [victim] signed a release as part of the settlement is 'irrelevant' to the propriety of the restitution order"].) "However, settlement payments made to a victim on the defendant's behalf must be used to offset the restitution award 'to the extent that those payments are for items of loss included in the restitution order.' " (*Nonaka*, at p. 1002.)

Attorney fees incurred in civil litigation against a defendant to collect economic damages resulting from the defendant's criminal offense are

_____

[3] The restitution order does not include all amounts requested by Hogges's daughter and brother, but the excluded amounts are not at issue on appeal.

recoverable as restitution. (*Grundfor, supra,* 39 Cal.App.5th at p. 30; § 1202.4, subd. (f)(3)(H) ["[a]ctual and reasonable attorney's fees" are an example of "economic loss" recoverable in a restitution order].) The record establishes that $33,750.00 for attorney fees and $3,006.45 for litigation expenses awarded by the court were incurred by the claimant in the civil action. Insofar as the settlement in the civil litigation required the parties to bear their own fees and costs, Brindley is not entitled to any offset. (*Grundfor, supra,* 39 Cal.App.5th at p. 28 [where settlement required each side to bear its own attorney fees, the court was thus required to order defendant to pay full restitution for the fees].) The contingent fees are presumed reasonable absent evidence to the contrary. (*Id.* at p. 30; *People v. Taylor* (2011) 197 Cal.App.4th 757, 764 ["where there is uncontradicted evidence the victim incurred attorney fees as a result of the defendant's actions, it is not an abuse of discretion to award restitution for the fee without resorting to the lodestar method"].) Brindley presented no evidence or argument that the amounts were unreasonable or that they included amounts incurred to recover noneconomic losses. (See *Grundfor, supra,* 39 Cal.App.5th at p. 30 ["A defendant bears the burden of showing that a victim has included noneconomic losses in a restitution claim"].)

The record establishes that the $341.61 in travel expenses was incurred by Hogges's daughter to return to Georgia a year after the victim's death to place a headstone on his grave. Although the settlement agreement included claims by Hogges's children for funeral and burial expenses, given that the travel expenses were incurred after the settlement was reached and the civil action dismissed, the court reasonably concluded that Brindley was not entitled to an offset from the settlement proceeds against this later-incurred expense.

Finally, the $5,049.61 requested for burial expenses awarded by the court were incurred by Hogges's brother and thus, not included in the civil settlement. Additionally, the probation officer clarified that, although Hogges's children received payments from the victim compensation fund for the preparation of the body and funeral services held in California, the brother's expenses were incurred in connection with the burial and church services held in Georgia.

Brindley was adequately represented by counsel throughout the proceedings.

## DISPOSITION

The restitution order is affirmed.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
MOORMAN, J. *

---

*Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.